IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:20-mj-2627 |
| | ) | |
| v. | ) | JUDGE HOLMES |
| | ) | |
| | ) | |
| BARRY ZARCULIA | ) | |

## UNITED STATES' MOTION FOR DETENTION

The United States of America, by and through Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, and Kathryn Risinger, Assistant United States Attorney, respectfully moves this Court to issue an Order detaining the defendant without bond pending trial in this case because the defendant poses a danger to the community, a serious risk of flight, and there is a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror.

The United States submits that a hearing is authorized in this matter pursuant to Title 18, United States Code, Sections 3142(f)(1)(A) and 2(A)-(B) because the defendant is charged with an offense that qualifies as a crime of violence—Cyberstalking—in violation of Title 18, United States Code, Section 2261A(2). *See United States v. Kukstis*, D. Mass., Case Number 18-4174-DHH, Docket Entry 25, dated May 4, 2018 (finding 18 U.S.C. 2261(2)(B) qualifies as a crime of violence under the Bail Reform Act). A detention hearing is further authorized under Title 18, United States Code, Sections 3142(f)(2)(A) and (B) because the defendant poses a serious risk of flight and a "serious risk that [he] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

The United States further submits that pursuant to Title 18, United States Code, Section

3142(e), no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the defendant as required. The United States further submits that under Title 18, United States Code, Sections 3142(g)(1)-(4), the factors set forth below weigh heavily in favor of the defendant's continued detention:

1) The nature and circumstances of the offense charged, including that the defendant is charged with a crime of violence—Cyberstalking;

2) That the weight of the evidence against the defendant is significant and compelling. As detailed in the statement filed in support of the complaint in this case, the defendant, over the past few years, has engaged in an egregious course of conduct with the intent to kill, injure, harass, or intimidate numerous victims that has placed those victims in reasonable fear of the death of, or serious bodily injury to, themselves or others or which has caused them substantial emotional distress. The evidence in this case is overwhelming, consisting of victim statements, audio recordings of the defendant leaving threatening, harassing, and intimidating messages for the victims, and documentation related to the defendant's social media accounts;

3) The history and characteristics of the defendant. More specifically, over the past three to four years, numerous victims, including, but not limited those set forth in the complaint underlying this case, have filed more than 20 incident reports with the Metro Nashville Police Department detailing the defendant's threatening, intimidating, harassing, and violent behavior. Moreover, based on this investigation, the FBI does not have any evidence that the defendant is gainfully employed or has been so for a lengthy period of time; and

4) The defendant's release would pose a serious threat to the community, including potential victims and witnesses in this case. As detailed in the complaint, the defendant has repeatedly threatened victims in this case with the use of violence, saying things such as, "Come over to my house so I can put a gun in your mouth," and "Both of you are stupid fucking cunt fucks….if I ever see you in person, I'll knock you both fucking….right the fuck….I'll break both your fucking necks.   How about that?"

In support of the factors set forth above and the Government's request for continued detention of the defendant, the United States incorporates and relies upon the allegations set forth in the complaint filed in this case, as if fully set forth herein.

## **CONCLUSION**

For the foregoing reasons, as well as those that would be set forth at a detention hearing, the United States respectfully submits that there exists no condition or combination of conditions that would ensure the safety of any person or the community, or which would ensure the defendant's appearance at his court hearings. Accordingly, the United States requests that the Court detain the defendant pending trial. The United States further requests a three day continuance to prepare for the detention hearing pursuant to Title 18, United States Code, Section 3142(f).

Respectfully Submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

By:    /s/ *Kathryn Risinger*
KATHRYN RISINGER
Deputy Criminal Chief – Organized Crime
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 736-5151

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2020, a true and correct copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for defendant.

      /s/ *Kathryn Risinger*
      KATHRYN RISINGER
      Deputy Criminal Chief – Organized Crime

4